5-3049                    373 S. W. 2d 145

Opinion delivered December 16, 1963.
[Rehearing denied Feb. 3, 1964.]

*J. R. Wilson,* for appellant.

*Warson, Ess, Marshall & Engas,* Kansas City, Mo.,
*Wootton, Land & Matthews, Thomas D. Walbert, Elbert
Cook,* for appellee.

CARLETON HARRIS, Chief Justice. This is a Workmen's Compensation case. Sam Lofton was severely injured on November 24, 1958, while cutting timber, and made claim for benefits under the Workmen's Compensation Act, against both Guyce Bryan and Dierks Forests, Inc., contending that Lofton was either an employee of Dierks, or an employee of Bryan as a sub-contractor of Dierks, and operating without compensation insurance. Dierks defended on the ground that Bryan was an independent contractor, and that the company was not liable for that reason, and Bryan asserted that the Commission did not have jurisdiction since he (Bryan) did not employ five or more employees. The referee found that claimant sustained an injury during the course of his employment; that Bryan was an independent contractor, and Dierks Forests, Inc., therefore, was not liable or responsible for the injury suffered; that Bryan, at no time, had more

than four persons employed, and the Commission, therefore, was without jurisdiction. The claim was dismissed, and on appeal to the full Commission (at which time some additional evidence was taken) was likewise denied. Thereafter, the Circuit Court of Garland County affirmed the Commission, and claimant has appealed to this court.

There is no evidence that Bryan had more than four employees, and appellant argues that Dierks is liable for compensation because (a) Lofton was an employee of Dierks or (b) Bryan was a sub-contractor without insurance, and this fact renders Dierks liable for compensation. Ark. Stat. Ann. § 81-1306 (Repl. 1960). See also *Brothers* v. *Dierks Lbr. & Coal Co.,* 217 Ark. 632, 232 S. W. 2d 646.

The evidence reflects that on November 20, 1958, Bryan and Dierks Forests, Inc., entered into a written contract, wherein Bryan agreed to cut, fell, saw, split, and deliver at a designated place, all pulpwood on certain lands owned by Dierks in Perry County (designated in the contract) and to complete performance by December 15, 1958. After reciting that the contractor represented that he was engaged in the business of cutting and hauling pulpwood as an independent occupation, and had his own tools and equipment necessary to carry on such business, the contract provided:

''The Contractors will (either personally or through employees, agents or sub-contractors) perform this contract at their own expense by their own means and according to their own methods, and free from any control or right of control of Dierks as to the manner or method of performing this contract and shall not be required to render personal services, and neither the Contractors nor their employees or agents shall or may be required by Dierks to render any definite hours of work or labor in the performance of this contract, but on the contrary the Contractors may perform this contract at their own pleasure as to time and by whatever means and methods of performance they determine, and Dierks shall and

may only look to the result of said work and require that it be in conformity with and completed within the period of this contract.''

Dierks agreed to pay Bryan $7.00 per cord for all merchantable pulpwood, and Bryan agreed to ''pay, prior to delinquency, all Federal and State Social Security, Old Age Benefit, Unemployment, and similar taxes as are or may be imposed, and to indemnify and protect Dierks from all claims and liability on account thereof.''

The proof reflects that these provisions were fully carried out by the parties. Bryan testified that he did enter into an independent contract with Dierks, and was performing such contract at the time Lofton was injured. He stated that he performed the work in his own manner, determined the days that he would work, hired his own employees, including Lofton, controlled the entire operation himself, and never received any instructions from Dierks as to how the work should be carried out. He owned all of his own tools and equipment, including two power saws, an International tractor and trailer, and a pick-up truck.

Sam Lofton, claimant, testified that he lived at Crossett, and was working for Bryan at the time of his injury. He stated that he had been employed by Bryan, receiving wages of $1.50 per hour, for about five weeks before the accident. The claimant said that he left Crossett, at the request of Bryan, about the first week in November for the purpose of working on the job herein discussed. Lofton testified that Bryan paid him each week in cash, but he knew nothing about Bryan's arrangements with Dierks. ''He said he was going to get a contract from Dierks Forests Division to cut paper wood and he wanted somebody to cut it.''

Lowell Lofton, 24 years of age, son of claimant, testified that he (young Lofton) was employed by Bryan, and had been working with the contractor in Crossett before going on the job where the injury occurred. He stated that after the Dierks job was completed, he went back to Crossett, still working for Bryan. ''Well, when

I went to work I went to work for Guyce. I didn't know who else I was working for." This was all the evidence introduced on the part of the claimant as far as the nature of his employment was concerned. The balance of appellant's evidence dealt with the injury sustained by him.

Appellant relies in large measure upon the recent holding of this court in *Clemons* v. *Bearden Lumber Co.*, Law Reporter, Volume 236, Page 636, 370 S. W. 2d 47, wherein we held that an asserted relationship of independent contractor did not exist, but the facts in that case are far different from those in the instant litigation.

In *Clemons,* although the company contended that the deductions were made for the convenience of the independent contractor, the record reflects that the company "held out" for Social Security and other payroll deductions; the men working for the alleged independent contractor were all paid by company check, in exactly the same manner as other Bearden Lumber Company employees; deductions were taken from paychecks for insurance just as though the workers were regular mill employees; and the company had the right to discharge Clemons at any time. The evidence further reflected that the company supervisor went out to the job frequently and gave certain instructions. None of these facts are present in the instant case, and the other cases cited by appellant are likewise clearly distinguishable. The entire proof offered on behalf of claimant has been heretofore summarized, and even Lofton was unable to testify to any facts that support the argument here presented by appellant. Actually, we find no evidence at all which indicates either that Lofton was an employee of Dierks, or that Bryan was a subcontractor, rather than an independent contractor. It follows that the findings of the Commission were supported by substantial evidence.

Affirmed.

JOHNSON, J., not participating.

Supplemental opinion on Denial of Petition for Rehearing p. 642.