NUCOR HOLDING CORPORATION and Yamato Holding Corporation d/b/a Nucor-Yamato Steel Company, Limited Partnership *v.* Rickey L. RINKINES and Gloria Rinkines

95-1200                                                     931 S.W.2d 426

Supreme Court of Arkansas
Opinion delivered October 7, 1996

*Reid, Burge, Prevallet & Coleman*, by: *Robert L. Coleman*, for appellants.

*Banks, Dobson & Spades*, by: *Charles A. Banks*, for appellees.

ROBERT L. BROWN, Justice. This matter combines an appeal from a denial of a motion for summary judgment and a petition for a writ of prohibition. Appellee Rickey L. Rinkines worked for Alexander Mills Services (AMS), which had a contract to recycle scrap steel for Nucor-Yamato Steel (Nucor). Nucor is in the business of manufacturing structural steel beams from scrap metal. Part of Rinkines's duties required him to cut rejected beam blanks into suitable sizes so that they could be remelted and remolded.

On August 5, 1993, Rinkines suffered an injury on the job. At the time of the injury, AMS employees performed their duties on the Nucor premises. According to Rinkines's complaint, he had cut about six inches into a beam with a torch when the beam "exploded." The 24-ton beam moved approximately four feet, pinning

Rinkines against another beam and crushing his legs. This resulted in the amputation of both legs. Rinkines sought and received workers' compensation benefits from AMS. He then sued Nucor under theories of negligence and products liability and specifically alleged that the beam blank that exploded was defective and unreasonably dangerous due to residual stress in the beam. He also asserted that Nucor had been negligent in permitting the beam to acquire residual stress and in failing to inspect the beam properly, to warn employees of potential dangers, and to instruct employees on the beam's safe use.

On August 8, 1994, Nucor answered and moved to dismiss. It denied that the beam blank was distributed to AMS as a product because it was not finished material but only scrap that needed to be remelted. Nucor further contended as an affirmative defense that the circuit court had no subject matter jurisdiction because Rinkines's exclusive remedy was under the Workers' Compensation Act. More specifically, Nucor asserted that as a prime contractor, it was the statutory employer of Rinkines and, thus, was immune from tort liability under Act 796 of 1993, now codified at Ark. Code Ann. § 11-9-105(a) (Repl. 1996). The affidavit of John Alexander, the president of AMS, was attached to Nucor's answer and motion to dismiss. In it, Alexander stated that his company was a subcontractor of Nucor and that he considered Nucor to be a prime contractor. In his response to the motion to dismiss, Rinkines asserted that he was not a "statutory employee" of Nucor and further claimed that the Workers' Compensation Act did not act as a bar to claims against third parties.

On April 17, 1995, Nucor filed a motion for summary judgment. It maintained in that motion that there was no genuine issue of material fact and further asserted (1) that Rinkines's complaint was barred because AMS was an independent contractor with exclusive control over the workplace, and (2) that it was immune from suit under the Workers' Compensation Act because Nucor was the "prime contractor of the employer" of Rinkines. Nucor also advanced the theory that there was no proximate causation under the obvious-danger rule. On April 27, 1995, Rinkines responded that his suit lay outside the jurisdiction of the Workers' Compensation Act because it was not a suit about standard negligence against a subcontractor's employee. Rather, the suit concerned Nucor's "defective product either in negligence or strict liability." Rinkines

further stated that "[t]he purpose of the exclusive remedy of workers' compensation is not to protect manufacturers of unreasonably dangerous products."

On July 25, 1995, the trial court denied the motion for summary judgment and stated in part in its letter opinion:

> Defendant furthermore contends that it is entitled to summary judgment because "NYS is immuned (sic) from suit and plaintiff's tort claim against it is barred based on the exclusive remedy provisions codified at A.C.A. section 11-9-105(a) because NYS was the prime contractor of the employer of Mr. Rinkines at the time of the accident.

> The defendant is trying to have it's [sic] cake and eat it too. In its second contention, it stated that the plaintiff was employed by an independent contractor. Now it wants to say that plaintiff was not employed by an independent contractor but by a sub-contractor.

> The employer of an independent contractor is simply a third party to the relationship between the independent contractor and his employees. The worker compensation Act (sic) was not intended to extend to an employer for an injury to an employee's cause of action against a third party. . . .

*I. Appeal From Denial of Motion for Summary Judgment*

■ The general rule is that the denial of a motion for summary judgment is neither reviewable nor appealable. *Amalgamated Clothing* v. *Earle Indus., Inc.*, 318 Ark. 524, 886 S.W.2d 594 (1994). Nevertheless, Nucor asserts that this court must review the summary judgment denial in this case because to do otherwise will deny Nucor its immunity defense under the exclusive-remedy language of the Workers' Compensation Act. Nucor bases this argument on *Robinson* v. *Beaumont*, 291 Ark. 477, 725 S.W.2d 839 (1987), and *Virden* v. *Roper*, 302 Ark. 125, 788 S.W.2d 470 (1990).

■ In *Robinson* v. *Beaumont*, the defendants-appellants were a sheriff and deputy who appealed the denial of a motion for summary judgment based on the immunity issue. This court held:

> The refusal to grant the motion amounted to a denial of appellants' claimed defense which would have, if allowed, discontinued the action. The qualified immunity claim is a

claim of right which is separable from, and collateral to, rights asserted in the complaint. . . . The refusal to grant this summary judgment motion had the effect of determining that the appellants were not entitled to immunity from suit. The right of qualified immunity from suit is effectively lost if a case is permitted to go to trial.

*Robinson* v. *Beaumont*, 291 Ark. at 482-83, 725 S.W.2d at 842. In *Virden* v. *Roper, supra,* the defendants-appellants were members of the Pine Bluff Civil Service Commission and the Chief of the Pine Bluff Police Department who were sued in their individual capacities. They appealed from the denial of a motion for summary judgment on the premise that forcing them to trial would eviscerate their immunity defense and, thus, was an appropriate subject for appellate review. In addressing our jurisdiction on appeal, we cited *Robinson* v. *Beaumont, supra,* and stated: "The appealability of a denial of summary judgment based on qualified immunity from suit is clearly established." *Virden* v. *Roper,* 302 Ark. at 128, 788 S.W.2d at 472.

This court has never squarely addressed whether an appeal is appropriate from a denial of a summary judgment motion when the issue raised is the exclusivity of the remedy under the Workers' Compensation Act. In *Fore* v. *Circuit Court of Izard County,* 292 Ark. 13, 727 S.W.2d 840 (1987), we cited *Robinson* v. *Beaumont, supra,* and indicated in *dictum* that the immunity analysis in that case was valid when *considering a petition for writ of prohibition.* We held in *Fore* that prohibition would lie to prevent a trial where the exclusive remedy for the injured employee was under the Workers' Compensation Act.

*Fore,* however, was a prohibition case and not an appeal from a denial of summary judgment. This court has repeatedly refused to address arguments where the effect of doing so is tantamount to reviewing the denial of a motion for summary judgment. *See, e.g., Nucor-Yamato Steel Co.* v. *Circuit Court,* 317 Ark. 493, 878 S.W.2d 745 (1994); *Wise Co.* v. *Clay Circuit,* 315 Ark. 333, 869 S.W.2d 6 (1993), *reh'g denied,* 315 Ark. 336A, 869 S.W.2d 8 (1994). We have also made it clear that the denial of a motion to dismiss an appeal is not an appealable order and that a disputed ruling on the subject matter jurisdiction of the trial court does not automatically render the order appealable. *See West Memphis Sch. Dist. No. 4* v. *Circuit Court,* 316 Ark. 290, 871 S.W.2d 368 (1994); *Cigna Ins. Co.*

v. *Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988), *reh'g granted*, 294 Ark. 506A, 746 S.W.2d 558 (1988). In *Wise Co.* v. *Clay Circuit, supra*, we emphasized once more that we will not treat a petition for prohibition as an appeal from a summary judgment denial and consider matters outside of the pleadings. In our supplemental opinion in *Wise Co.*, we specifically overruled *Fore* v. *Circuit Court of Izard County, supra*, to the extent that it sanctioned writs of prohibition based on information outside of the pleadings.

■ In short, this court has voiced a decided preference against accepting appeals from denials of motions for summary judgment and has never held that an employer's immunity defense obliged this court to favor accepting such an appeal in workers' compensation cases. We, therefore, dismiss the appeal for lack of finality. *See Rick's Pro Dive 'N Ski Shop, Inc.* v. *Jennings-Lemon*, 304 Ark. 671, 803 S.W.2d 934 (1991). We note in this regard that Nucor's immunity argument is grounded on the exclusive-remedy provision of Ark. Code Ann. § 11-9-105(a) (Repl. 1996). We view this as an issue of subject matter jurisdiction, which Nucor has raised in its petition for writ of prohibition and which we will consider next.

## II. Writ of Prohibition

This court has routinely considered the propriety of a writ of prohibition when a trial court has been reluctant to dismiss a case under the exclusive-remedy provision of the Workers' Compensation Act. *See, e.g., Nucor-Yamato Steel Co.* v. *Circuit Court, supra; Wise Co.* v. *Clay Circuit, supra; Fore* v. *Circuit Court of Izard County, supra. See also West Memphis Sch. Dist. No. 4* v. *Circuit Court, supra.*

■ Our standards for review have been often repeated. A writ of prohibition is an extraordinary writ that is appropriate only when the lower court is wholly without jurisdiction. *West Memphis Sch. Dist. No. 4* v. *Circuit Court, supra.* In deciding whether the writ will lie, we confine our review to the pleadings. *Wise Co.* v. *Clay Circuit, supra.* The writ will be granted where the encroachment on workers' compensation jurisdiction is clear. *Hill* v. *Patterson*, 313 Ark. 322, 855 S.W.2d 297 (1993); *Fore* v. *Circuit Court of Izard County, supra.* But when facts are in dispute, a writ of prohibition is not appropriate. *Nucor-Yamato Steel Co.* v. *Circuit Court, supra.* Prohibition will not lie where the remedy may be afforded by appeal. *Nucor-Yamato Steel Co.* v. *Circuit Court, supra; Village Creek*

*Improvement Dist. of Lawrence County* v. *Story*, 287 Ark. 200, 697 S.W.2d 886 (1985).

The essence of Nucor's argument in favor of prohibition is that it is a prime contractor and the General Assembly, through Act 796 of 1993, established that the "prime contractor of the employer" of the injured employee is protected from suit by the exclusive-remedy provision of the Workers' Compensation Act. Ark. Code Ann. § 11-9-105(a) (Repl. 1996). Nucor calls on this court to find that it is the "prime contractor of the employer" in this case. The parties agree that AMS is an independent contractor. They also concede that no specific third party had contracted with Nucor for the steel product that would result from AMS's recycling work at the time of the injury.

In *Bailey* v. *Simmons*, 6 Ark. App. 193, 639 S.W.2d 526 (1982), the Court of Appeals observed that there is a considerable distinction between a subcontractor and an independent contractor. The *Bailey* court observed that in order for there to be a subcontractor relationship, the person sought to be charged as prime contractor must have been contractually obligated to a third party for the work being done at the time of the injury. *Cf. Little Rock Wastewater Utility* v. *Larry Moyer Trucking, Inc.*, 321 Ark. 303, 902 S.W.2d 760 (1995); *Brothers* v. *Dierks Lumber & Coal Co.*, 217 Ark. 632, 232 S.W.2d 646 (1950). The *Bailey* court defined a subcontractor as a person who agrees to perform part of a contract for a person who has already agreed to perform the contract for a third party. The Court of Appeals concluded that there cannot be a prime contractor without a contract to do the work for a third party. *See also Lofton* v. *Bryan*, 237 Ark. 376, 373 S.W.2d 145 (1963).

Whether the General Assembly intended to define the term "prime contractor" in § 11-9-105(a) narrowly or broadly cannot be determined from the language of Act 796 of 1993. Because we have no guidance from the General Assembly in this regard, we look to our cases for a definition. Following the rationale of *Bailey* v. *Simmons, supra*, it is clear to us that the status of prime contractor presupposes work to be done for a third party. Here, the parties agree that was not the case because there was no obligation to a third party to purchase the steel scrap refabricated by AMS at the time of the injury. Without the existence of that essential factor, we must conclude that Nucor did not occupy the status of prime contractor as defined by our caselaw.

■   By denying the petition for writ of prohibition, we are not endorsing the apparent finding by the trial court that an independent contractor cannot occupy the status of subcontractor. The status of independent contractor does differ from that of subcontractor. *See Hollingsworth & Rockwood Ins. Co.* v. *Evans*, 255 Ark. 387, 500 S.W.2d 382 (1973). At the same time, a subcontractor may also qualify as an independent contractor that has entered into an agreement with a prime contractor. *See, e.g., Hale* v. *Mansfield Lumber Co.*, 237 Ark. 854, 376 S.W.2d 670 (1964).

Appeal dismissed. Petition denied.