## ALOHA POOLS & SPAS, INC. *v.* EMPLOYER'S INSURANCE OF WAUSAU

99-1310                                    39 S.W.3d 440

Supreme Court of Arkansas
Opinion delivered October 18, 2000
[Petition for rehearing denied November 30, 2000.* ]

---

\* GLAZE, J., would grant.

*Matthews, Sanders, & Sayes*, by: *Doralee Idleman Chandler*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard P.L.L.C.*, by: *Marshall S. Ney*, for appellee.

RAY THORNTON, Justice. Appellant Aloha Pools & Spas, Inc., brings this appeal of the trial court's decision in favor of its workers' compensation coverage carrier, Employer's Insurance of Wausau, holding Aloha liable for unpaid premiums for policies of workers' compensation coverage for certain subcontractors who did not have employees of their own and for whom certificates of noncoverage or proof of coverage were not obtained. Appellant contends that the trial court erroneously interpreted the applicable statute as requiring all such subcontractors to be deemed employees for purposes of determining premiums to be paid for workers' compensation coverage. We agree and reverse and remand for further findings by the trial court, consistent with this opinion and the stipulations of the parties.

The premiums at issue covered policies written and issued to Aloha for the periods of January 28, 1994, through April 19, 1995. For each policy period, Aloha was charged an estimated premium on the effective date of the policy; then, during each policy year, Wausau conducted an audit to determine the amount of the final premium. The audits for the two policy periods resulted in an upward adjustment of the premium based on additional risks allegedly posed by Aloha's business. Wausau filed suit in the Pulaski County Circuit Court seeking recovery of unpaid premiums. Aloha filed a counterclaim, alleging that it had overpaid premiums for workers' compensation insurance due to errors made by Wausau in calculating the premiums. Specifically, Aloha contended that Wausau mis-classified the vast majority of those persons providing services to Aloha as being employees, thereby resulting in excessive premiums for workers' compensation for individuals who were not employees of Aloha.

Wausau filed a motion for partial summary judgment, contending that Aloha was a prime contractor who associated with a number of subcontractors to perform work pursuant to contracts between Aloha and its customers and that Aloha had no proof that these subcontractors had insurance or certificates of noncoverage. Wausau contended that in the absence of such proof, it was liable for injuries to Aloha's subcontractors because they were deemed employees under the Workers' Compensation Act. Aloha responded that Wausau was not entitled to charge premiums for those subcontractors because they were not Aloha's employees.

Prior to the trial court's determination of the motion for partial summary judgment, the parties stipulated to the following facts: That it was undisputed that Aloha owed Wausau the sum of $4,638.75, for premiums earned and unpaid; that there remained in dispute the sum of $50,136.00, the sum that would be due Wausau if it were entitled to charge a premium for subcontractors who were sole proprietors or partners and had not furnished the prime contractor a certificate of noncoverage, and the only remaining issue was whether the subcontractors who are sole proprietors or partners were deemed to be employees of the prime contractor as a result of their failure to provide a certificate of noncoverage to the prime contractor. It was further stipulated that if Wausau was entitled to charge a premium for subcontractors who were sole proprietors or partners and had not furnished a certificate of noncoverage, Wausau would be entitled to judgment against Aloha in the amount of $54,774.75; and that if Wausau was not entitled to charge a premium for subcontractors who were sole proprietors or partners and who had not furnished a certificate of noncoverage, Wausau was entitled to judgment against Aloha in the amount of $4,638.75.

At the hearing on the summary-judgment motion, the parties further agreed to these facts: That a number of Aloha's subcontractors are sole proprietors or partnerships; that these subcontractors do not employ workers but do the work themselves; that these subcontractors did not secure workers' compensation coverage for themselves; and that these subcontractors did not provide Aloha, their prime contractor, with certificates of noncoverage. The issue presented for the trial court's resolution was whether Ark. Code Ann. § 11-9-402 (Repl. 1996) required that these subcontractors be "deemed employees" of the prime contractor for purposes of workers' compensation insurance coverage. The trial court found that

subcontractors who are sole proprietors or partners and fail to provide their prime contractor with a certificate of noncoverage are deemed employees of the prime, and granted Wausau's motion for summary judgment. Based upon the resolution of the summary-judgment motion and the stipulations of the parties, the trial court entered judgment in favor of Wausau in the amount of $54,774.75. An appeal of the entry of judgment followed, and this court accepted jurisdiction to decide the issue because of the first impression question of interpretation of the statute.

■ Summary judgment is an extreme remedy that should only be allowed when it is clear that there is no issue of fact to be litigated. *Franklin v. Osca, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992). A summary judgment should only be granted when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file is such that the nonmoving party is not entitled to a day in court, *i.e.*, when there is not any genuine remaining issue of material fact and the moving party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 332 Ark. 189, 961 S.W.2d 712 (1998). Normally, on a summary-judgment appeal, the evidence is viewed most favorably for the party resisting the motion and any doubts and inferences are resolved against the moving party, but in a case where the parties agree on the facts, the appellate court simply determines whether the appellee was entitled to a judgment as a matter of law. *City of Little Rock v. Pfeifer*, 318 Ark. 679, 887 S.W.2d 296 (1994).

■ ■ We have held that issues of statutory construction are reviewed *de novo* on appeal, and it is for the appellate court to determine the meaning of a statute. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). The appellate court is not bound by the trial court's interpretation, but in the absence of a showing that the trial court misinterpreted the law, the trial court's interpretation will be accepted as correct. *Id.* This case involves a first-impression interpretation of a statute. The basic rule of statutory construction is to give effect to the intent of the Legislature. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999). The Workers' Compensation Law must be strictly and literally construed by the Commission and the courts, and a particular provision in a statute must be construed with reference to the statute as a whole. *Flowers v. Norman Oaks Constr. Co.*, 341 Ark. 474, 17 S.W. 3d 472 (2000). Where the language of a statute is plain and unambiguous, we determine

legislative intent from the ordinary meaning of the language used. *Id.* The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. The statute should be construed so that no word is left void, superfluous, or insignificant; and meaning and effect must be given to every word in the statute if possible. *Id.* If the language of the statute is plain and unambiguous, the analysis need go no further. *Burcham v. City of Van Buren,* 330 Ark. 451, 954 S.W.2d 266 (1997).

Arkansas Code Annotated § 11-9-402 provides, in pertinent part:

(c)(1)(A) When a sole proprietorship or partnership fails to elect to cover the sole proprietor or partners under this chapter, the prime contractor is not liable under this chapter for injuries sustained by the sole proprietor or partners if the sole proprietor or partners are not employees of the prime contractor.

(B)(i) A sole proprietor or the partners of a partnership who do not elect to be covered by this chapter and be deemed employees thereunder and who deliver to the prime contractor a certification of noncoverage issued by the Workers' Compensation Commission shall be conclusively presumed not to be covered by the law or to be employees of the prime contractor.

(ii) This provision shall not affect the rights or coverage of any employees of the sole proprietor or of the partnership.

(2) Furthermore, the prime contractor's insurance carrier is not liable for injuries to the sole proprietor or partners described in this section who have provided a certification of noncoverage, and the carrier shall not include compensation paid by the prime contractor to the sole proprietor or partners described above in computing the insurance premium for the prime contractor.

(3)(A) Any prime contractor who, after being presented with a certification of noncoverage by a sole proprietor or partnership, nonetheless compels the sole proprietor or partnership to pay or contribute to workers' compensation coverage of that sole proprietor or partnership shall be guilty of a Class D felony.

(B) Further, any prime contractor who compels a sole proprietor or partnership to obtain a certification of noncoverage when the sole proprietor or partnership does not desire to do so is guilty of a Class D felony.

*Id.*

■ The statute clearly provides that when a subcontractor delivers to the prime contractor a certification of noncoverage issued by the Workers' Compensation Commission, the subcontractor who is a sole proprietor or partner will be conclusively presumed not to be covered by the workers' compensation law or to be considered an employee of the prime contractor. Ark. Code Ann. § 11-9-402(c)(1)(B)(i). The prime contractor's insurance carrier is not liable for injuries to the subcontractor who is a sole proprietor or partner who has provided a certificate of noncoverage, and the carrier shall not include compensation paid by the prime contractor to this subcontractor in computing the insurance premium for the prime contractor. Ark. Code Ann. § 11-9-402(c)(2). Similarly, the Workers' Compensation Act provides in the definitions section that "any sole proprietor, partner of a partnership, or member of a limited liability company who desires not to be included in the definition of 'employee' may file for and receive a certification of noncoverage under this chapter from the commission." Ark. Code Ann. § 11-9-102(9)(A)(Supp. 1999).

■ The trial court correctly found that this language means that if the subcontractor who is a sole proprietor or partner does not insure himself, but provides a certificate of noncoverage, the prime contractor will not be liable for the subcontractor's workers' compensation coverage. We cannot, however, agree with the trial court's interpretation of Ark. Code Ann. § 11-9-402(c)(1)(A) to mean that, in the absence of certification of noncoverage, a subcontractor must be statutorily deemed an employee, and, therefore, the prime contractor will be liable for his workers' compensation coverage.

■ To the contrary, Ark. Code Ann. § 11-9-402(c)(1)(A) provides that "when a sole proprietor or partner fails to elect to cover the sole proprietor or partners under this chapter, the prime contractor is *not* liable under this chapter for injuries sustained by the sole proprietor or partners if the sole proprietor or partners are not *employees* of the prime contractor." *Id.* (emphasis added). This language does not provide that subcontractors who are sole proprietors or partners are automatically considered employees based upon their decision not to obtain coverage for themselves or obtain a certificate of noncoverage. Rather, the language of subsection

(c)(1)(A) requires a determination whether those individuals claiming status as sole proprietors or partners are independent contractors or employees of the prime contractor. This requires an analysis whether such an individual is a subcontractor, independent contractor, or, depending upon the right of control, an agent of the prime contractor that would be treated as an employee under the workers' compensation statutes. *See Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996); *Hollingsworth & Rockwood Ins. v. Evans*, 255 Ark. 387 (1973)(decision under prior law).

██ Therefore, we reverse the judgment entered by the trial court, as well as the grant of partial summary judgment, and remand this case for a determination of the status of these sole proprietors or partners who have elected not to obtain coverage of their own or obtain certificates of noncoverage. In making this determination, the trial court should look to the factors outlined in *D.B. Griffen Warehouse, Inc. v. Sanders*, 336 Ark. 456, 986 S.W.2d 836 (1999):

(1) the extent of control which is by the agreement the master may exercise over the details of the work;

(2) whether or not the one employed is engaged in a distinct occupation or business;

(3) the kind of occupation, with reference to whether in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(4) the skill required in the particular occupation;

(5) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(6) the length of time for which the person is employed;

(7) the method of payment, whether by the time or by the job;

(8) whether or not the work is a part of the regular business of the employer;

(9) whether or not the parties believe they are creating the relation of master and servant; and

(10)  whether the principal is or is not in business.

*Id.*  This court reasoned that the "right of control" is the principal factor in determining whether the relationship is one of agency or independent contractor. *Id.*

This decision is consistent with our language in *Arkansas Transit Homes v. Aetna Life & Cas.,* 341 Ark. 317, 16 S.W. 3d 545 (2000), that where the subcontractors at issue were not employees of the prime contractor, the prime contractor will not be responsible for payment of workers' compensation premiums for the subcontractors themselves, but only for those *employees* of the *subcontractors*, if any, for whom no compensation coverage was provided. *Id.* (emphasis in original). We conclude that the trial court incorrectly interpreted the statute as requiring that sole proprietors or partners who did not obtain workers' compensation coverage or a certificate of noncoverage are automatically deemed to be employees. If the trial court determines that the sole proprietors or partners whose coverage is at issue here are not employees of the prime contractor, the prime contractor will not be liable for the payment of premiums on their behalf for workers' compensation coverage.  Ark. Code Ann. § 11-9-402(c)(1)(A).

Reversed and remanded.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting.  I dissent because I believe the majority has added an unnecessary step to the determination of an injured worker's status.  The issue presented in this case is whether subcontractors who are sole proprietors or partnerships who fail to provide their prime contractors with a certificate of noncoverage are deemed employees of the prime contractor. Given that the intent of the workers' compensation statutes is to provide coverage to all legitimately injured workers, I would interpret Ark. Code Ann. § 11-9-402(c) (Supp. 1999) to mean that these sole proprietor subcontractors should be deemed employees for the purposes of workers' compensation insurance coverage.

The purpose and intent of the workers' compensation laws is "to pay timely temporary and permanent disability benefits to all legitimately injured workers who suffer an injury or disease arising out of and in the course of their employment, to pay reasonable and

necessary medical expenses resulting therefrom, and then to return the worker to the work force." Ark. Code Ann. § 11-9-101(b) (Repl. 1996). Our courts have interpreted Ark. Stat. Ann. § 81-1306 (Repl. 1976), the predecessor to the statute currently in issue, as having as its primary purpose to "protect the employees of subcontractors who are not financially responsible, and to prevent employers from relieving themselves from liability by doing through independent contractors what they would otherwise do through direct employees." *Liggett Constr. Co. v. Griffin*, 4 Ark. App. 247, 629 S.W.2d 316 (1982).

Aloha stipulated that it had a number of sole proprietor subcontractors who neither secured workers' compensation coverage for themselves nor provided Aloha, their prime contractor, with certificates of noncoverage. Aloha also stipulated that those subcontractors did not employ workers, but rather did the work themselves. If the majority opinion is correct, then if one of these sole proprietor subcontractors who has not secured coverage for himself is injured on the job, then there is a chance that he will not be covered by anyone's workers' compensation coverage, and the primary purpose of the workers' compensation statutes will be defeated. The majority's declaration that a trial court must apply the traditional "right of control" factors will mean that a sole proprietor subcontractor who, for example, brings his own tools to the job site and gets paid by the job, but is injured while performing some task given him by Aloha, will likely not be able to receive workers' compensation benefits because he cannot satisfy the test imposed by the majority's decision.

Ark. Code Ann. § 11-9-402(a) (Supp. 1999) states that "[w]here a subcontractor fails to secure compensation by this subchapter, the prime contractor shall be liable for compensation to the employees of the subcontractor." However, when the subcontractor is a sole proprietor and is thus the *only* person performing the work for the prime contractor, the distinction between the "subcontractor" and the "employees of the subcontractor" vanishes. For this reason, the majority's reliance on *Arkansas Transit Homes, Inc. v. Aetna Life & Casualty*, 341 Ark. 317, 16 S.W.3d 545 (2000), which dealt with a subcontractor with multiple employees, is misplaced.

Section 11-9-402(c)(1)(B)(i) (Supp. 1999) provides that a sole proprietor who does not elect to be covered under this statute and

be deemed an employee *and* who delivers to the prime contractor a certificate of noncoverage will be conclusively presumed *not* to be an employee of the prime. In addition, § 11-9-102(9)(B) (Repl. 1999), which defines an "employee" for purposes of the workers' compensation statutes, states that "any sole proprietor or partner of a partnership who desires not to be included in the definition of 'employee' may file for and receive a certification of noncoverage under this chapter from the [workers' compensation] commission." Thus, to avoid being deemed an employee, a sole proprietor is statutorily directed to take the affirmative steps of obtaining a certificate of noncoverage and delivering that certificate to the prime contractor. In the event that a sole proprietor does not deliver that certificate, he is deemed an employee. The intent of our workers' compensation laws is to provide coverage for injured workers, and the specific purpose of the statute in question is to prevent prime contractors from avoiding workers' compensation liability by farming out work to workers who are not direct employees. Why, then, should we make it easier for prime contractors to avoid liability by making it harder for sole proprietor subcontractors to be considered employees?

Because I believe that sole proprietor subcontractors, who do not present the statutorily required certificate of noncoverage to their prime contractors, should be deemed employees of the prime for purposes of workers' compensation coverage, I dissent.