JONES BROTHERS, INC., and
Lumbermen's Underwriting Alliance  *v.*
JOURNAGAN CONSTRUCTION COMPANY,
Builders' Association Outstates Insurance Plan/Benchmark
Insurance Company, Aggregate Transportation Specialist, L.L.C.,
Missouri Employers Mutual Insurance Company, Inc.,
Michael Whitlock, d/b/a/ Michael Whitlock Trucking
Company, and Leslie A. Keeter

CA 04-842                                      214 S.W.3d 870

Court of Appeals of Arkansas
Opinion delivered October 5, 2005

*Baxter, Jensen, Young & Houston,* by: *Terence C. Jensen,* for appellants.

*Warner, Smith & Harris, P.L.C.,* by: *Wayne Harris,* for appellee Journagan Construction Company.

*Davis, Wright, Clark, Butt & Carithers, P.L.C.,* by: *Constance G. Clark,* for appellee Aggregate Transportation Specialist, L.L.C.

*Friday, Eldredge & Clark,* by: *James C. Baker Jr.,* for appellee Missouri Employers' Mutual Insurance Company.

*Dover Dixon Horne P.L.L.C.,* by: *Joseph H. Purvis,* for appellee Leslie A. Keeter.

JOSEPHINE LINKER HART, Judge. Appellee Leslie Keeter was injured in a near-fatal motor-vehicle accident[1] while working for Michael Whitlock Trucking Company (Whitlock Trucking), an uninsured subcontractor. On appeal, Jones Brothers, Inc. (Jones), and its insurer, Lumbermen's Underwriting Alliance, contend that the Arkansas Workers' Compensation Commission erred in ordering Jones to pay workers' compensation benefits to Keeter, because Jones was not, as found by the Commission, the "prime contractor" within the meaning of Ark. Code Ann. § 11-9-402(a) (Repl. 2002). On cross-appeal, Journagan Construction Company (Journagan) and its insurer, Builders' Association Outstates Insurance Plan/Benchmark Insurance Company, contend that the Commission erred in concluding that, in accordance with Ark. Code Ann. § 11-9-402(b), Jones has a lien against moneys due or to become due against its immediate subcontractor, Journagan. Also, as part of Jones's appeal, we consider whether the Commission should have awarded a lien against not only Journagan but also its insurer. Further, on cross-appeal, we consider whether the Commission properly found as moot the issue of whether Journagan's immediate subcontractor, Aggregate Transportation Specialist (Aggregate), possessed workers' compensation insurance. We affirm the Commission.

In determining whether Jones was the prime contractor, we must briefly state the facts showing the connections between the parties. The record contains a copy of an "Arkansas State Highway Commission Contract" in which Jones, as contractor, agreed to widen 4.5 miles of Highway 412 that were west of Harrison to four lanes. A map in the record shows that the widening was to be made to a portion of Highway 412 between Alpena and Bear Creek Springs. The record further includes a "Subcontract Agreement" between Jones, as contractor, and Journagan, as subcontractor, in which Journagan agreed to perform services related to the same highway project.

In a deposition, James Holt, a senior vice-president of Journagan, stated that his company entered into an oral agreement with Aggregate whereby Aggregate would provide trucking services to haul materials needed for the Highway 412 project. Michael Swearingen, the sole proprietor of Aggregate, in turn stated in his deposition that he provided trucking services to

---

[1] The Commission noted that Keeter's injuries included a severe closed-head injury and a fractured cervical spine at the C-5 level.

Journagan for delivery of materials related to the project. He further stated that either he or one of his employees was contacted by Michael Whitlock of Whitlock Trucking, and Aggregate hired Whitlock Trucking to provide trucks for the Highway 412 project. In their combined deposition, Michael Whitlock and Rochelle Whitlock presented testimony that they had been hired by Aggregate for the Highway 412 project, that Whitlock Trucking hired Keeter to drive a dump truck, and that Keeter was working on the Highway 412 project at the time of his accident. His accident, they said, occurred on Highway 412 between Alpena and Bear Creek Springs, closer to Bear Creek Springs, where a Journagan quarry and asphalt plant were located, when he was coming back from the job with an empty truck on his way to the plant. Keeter's wife, Becky Keeter, testified at the hearing that, before the accident, Keeter told her he was on his way to work on that project. And finally, Keeter testified at the hearing that, on the day of the accident, he was driving a dump truck for Whitlock Trucking on the Highway 412 project, where persons from Journagan were present.

The relevant statute for determining the liability for compensation for the employee of an uninsured subcontractor provides in part that "[w]here a subcontractor fails to secure compensation required by this chapter, the prime contractor shall be liable for compensation to the employees of the subcontractor." Ark. Code Ann. § 11-9-402(a).[2] In order to determine whether Jones was liable as the prime contractor, we must not only construe the meaning of "prime contractor" but also determine whether the Commission properly found that Keeter, as an employee of Whitlock Trucking, was performing services that arose from a subcontract between Whitlock Trucking and Aggregate, which in turn arose from a subcontract between Aggregate and Journagan, which in turn arose from a subcontract between Journagan and Jones, which arose from Jones's contract with the Arkansas State Highway Commission.

On appeal, we review the Commission's decision to see if it is supported by substantial evidence, viewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *See, e.g., Riddell Flying Serv. v.*

---

[2] In 2005, the Arkansas General Assembly added to the end of this sentence the language "unless there is an intermediate subcontractor who has workers' compensation coverage." Ark. Code Ann. § 11-9-402(a) (Supp. 2005).

*Callahan*, 90 Ark. App. 388, 206 S.W.3d 284 (2005). Giving due regard to our standard of review, we conclude that substantial evidence supported the Commission's finding that the necessary links existed between the work Keeter was performing and the Jones contract with the Arkansas State Highway Commission.

Next, we note that there is no statutory definition of "prime contractor" in our workers' compensation statutes, so we must construe the meaning of the term "prime contractor" and consider whether the Commission properly found that Jones was the prime contractor and thus liable for payment of compensation to Keeter, who was the employee of an uninsured subcontractor. It is well settled that the appellate court reviews issues of statutory construction de novo, as it is for the appellate court to decide what a statute means. *See, e.g., Aloha Pools & Spas, Inc. v. Employer's Ins. of Wausau*, 342 Ark. 398, 403, 39 S.W.3d 440, 443 (2000). In construing a statute, we give words their ordinary and usually accepted meanings, and if possible, we give meaning and effect to every word. *Id.* at 404, 39 S.W.3d at 443.

In *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996), the Arkansas Supreme Court considered the issue of how to define the term "prime contractor." In its analysis, the court relied on *Bailey v. Simmons*, 6 Ark. App. 193, 639 S.W.2d 526 (1982), where we observed that, in order for there to be a subcontractor relationship, the person sought to be charged as prime contractor must have been contractually obligated to a third party for the work being done at the time of the injury. *Nucor*, 326 Ark. at 223, 931 S.W.2d at 430. Also, the *Nucor* court noted that we defined a subcontractor as a person who agrees to perform part of a contract for a person who has already agreed to perform the contract for a third party. *Id.* The *Nucor* court concluded that the status of prime contractor presupposes work to be done for a third party. *Id.*

Whitlock Trucking — who lacked workers' compensation insurance — was Aggregate's subcontractor, Aggregate was Journagan's subcontractor, and Journagan was Jones's subcontractor. All subcontractors were performing services that arose from the contract between Jones and a third party, the Arkansas State Highway Commission. Thus, because Jones is the only contractor with an obligation to a third party, we are convinced that Jones was the sole "prime contractor." Moreover, defining "prime contrac-

tor" in this manner is in keeping with how the term is generally conceived, as it is defined as "[o]ne who contracts for the completion of an entire project, including purchasing all materials, hiring and paying subcontractors, and coordinating all the work." BLACK'S LAW DICTIONARY 351 (8th ed. 2004). We hold that the Commission properly concluded that Jones was the prime contractor and, consequently, was liable for payment of workers' compensation to Keeter.

The Commission further found that, in accordance with Ark. Code Ann. § 11-9-402, Jones "shall be entitled to a lien against moneys due or to become due" to Journagan, that Journagan was entitled to a lien against Aggregate, and that Aggregate was entitled to a lien against Whitlock Trucking. Journagan and its insurer assert in their respective briefs that Jones was not entitled to a lien against Journagan. Arguably, the Commission's ruling on this issue was premature, as Jones has not yet made a claim against Journagan, Journagan's insurer, or any other party. Nevertheless, we will consider the propriety of the Commission's ruling, recognizing that the Commission has concluded that Jones is entitled to a lien against Journagan.

■ The relevant statutory language provides that "[a]ny contractor or the contractor's insurance carrier who shall become liable for the payment of compensation on account of injury to or death of an employee of his or her subcontractor may recover from the subcontractor the amount of the compensation paid or for which liability is incurred." Ark. Code Ann. § 11-9-402(b)(1). Further, the statute provides that "[t]he claim for the recovery shall constitute a lien against any moneys due or to become due to the subcontractor from the prime contractor." Ark. Code Ann. § 11-9-402(b)(2). We acknowledge that (b)(1) refers to an injury to "an employee of his or her subcontractor" when describing against whom a contractor may recover. But we note that (b)(1) grants this right of recovery to a "contractor," indicating that either a prime contractor or a subcontractor can make claims against its immediate subcontractor. It follows then that a prime contractor, who is ultimately liable, can make claims against its immediate subcontractor, even though the injured employee is not the immediate subcontractor's employee. Consequently, we construe the Commission's finding to mean that Jones may recover against Journagan.

■ In their appeal, Jones and its insurer also ask that the Commission's decision be modified to include a claim not only against Journagan, but also Journagan's insurer. We observe that this amendment to the Commission's decision is unnecessary, as a statute already addresses Jones's request by providing that "[a]ny requirements by the commission or any court under any compensation order, finding, or decision shall be binding upon the carrier in the same manner and to the same extent as upon the employer." Ark. Code Ann. § 11-9-405(b)(3) (Repl. 2002). Thus, Jones and its insurer may seek recovery of the amount of the compensation paid or for which liability is incurred not only from Journagan but also from Journagan's insurer.

■ Finally, in their cross-appeal, Journagan and its insurer argue that the Commission erred in concluding that the issue of whether Aggregate had workers' compensation insurance was moot. Specifically, they contend that they may proceed against not only Aggregate but also its insurer, Missouri Employers' Mutual Insurance Company. In essence, the Commission did not make any findings of fact on the issue. We conclude, however, that for this court or the Commission to make findings of fact on the issue would be premature until Jones makes a claim and recovers from Journagan and Journagan has sought recovery from Aggregate. *See generally Ins. Co. of N. Am. v. Ferrell*, 234 Ark. 581, 353 S.W.2d 353 (1962) (deeming subrogation claim premature where person claiming subrogation had not had his own liability determined). Nothing herein will prejudice the rights of the parties to future subrogation claims.

Affirmed.

NEAL and VAUGHT, JJ., agree.