MUSSON CUSTOM BUILDING, INC. *v.*
Gilmar VALLADARES and Juan Guerrero
d/b/a/ J&M Roofing

CA 05-474                                    222 S.W.3d 214

Court of Appeals of Arkansas
Opinion delivered January 4, 2006

*Taylor Law Firm*, by: *Jason L. Watson*, for appellant.

*Stephen M. Sharum*, for appellee Gilmar Valladares.

SAM BIRD, Judge. This workers' compensation case involves Ark. Code Ann. § 11-9-402 (Repl. 2002), which assigns liability to a prime contractor for the compensation of a subcontractor's injured employee when the subcontractor has not secured compensation as required by statute. Appellant Musson Custom Building, Inc., raises one point on appeal, challenging the finding of the Workers' Compensation Commission that Musson was the prime contractor liable for compensation to appellee Gilmar Valladares. We affirm the decision of the Commission.

This claim was controverted in its entirety at proceedings before the administrative law judge. Valladares contended that he was employed by J&M Roofing, which was a subcontractor "contracted by Musson Custom Building, Inc. . . . as a general contractor on the residential real estate," and that Musson was therefore his statutory employer pursuant to Ark. Code Ann. § 11-9-402(a). Appellant Musson and appellee Juan Guerrero d/b/a J&M Roofing appeared as uninsured respondents.[1]

The parties stipulated that Valladares sustained injuries to his face, left leg, and left knee when he fell from the roof of a house being constructed at 1517 Northeast Dysart Wood Lane in Ben-

---

[1] The record in this case includes transcripts of two hearings: a first hearing was continued to allow the joinder of Edgar Villanueva as an uninsured respondent, but he did not appear at the second hearing.

tonville on January 25, 2003. They also stipulated that Musson "was the general contractor for the house and had subcontracted the roofing to Juan Guerrero dba J&M Roofing." The law judge accepted these and other stipulations in regard to the parties who offered them.

Gilmar Valladares testified that Edgar Villanueva hired him, that Juan Guerrero "had taken us to be contracted," that Guerrero paid Villanueva, and that Valladares received cash from Villanueva. Regarding his injury of January 25, 2003, Valladares testified that he was carrying a bundle of shingles when he slipped and fell from the roof, which was wet and a little icy.

Juan Guerrero testified that his business was J&M Roofing and that he had no employees. Guerrero testified that he used subcontractors to help him with his jobs for Musson, with whom he had a business relationship. Guerrero testified that, because of increased volume, he had hired Villanueva and his "crew services." Guerrero denied hiring or knowing Valladares, but he stated, "The day that Valladares got hurt he was working on the job that I was doing for Mr. Musson." Guerrero stated that he did not know if the home under construction was custom-built. He said that he "contracted with Musson to do the job by the squares and ... then contracted with Villanueva to do it by the square at a lesser price," and that Musson was the contractor on the job.

In an opinion of August 9, 2004, the administrative law judge found that appellee Juan Guerrero d/b/a J&M Roofing was the prime contractor of Edgar Villanueva, the employer of Valladares; the law judge also found that "Villanueva and Juan Guerreo dba J&M Roofing are jointly and [severally] liable" for Valladares's temporary total disability benefits and medical expenses. In its opinion of February 10, 2005, the Workers' Compensation Commission reversed the law judge's decision. The Commission found that Musson was the prime contractor and that Valladares was an employee of the subcontractor Villanueva, who in turn "had subcontracted for Juan Guerrero." Therefore, the Commission found that Musson was liable for Valladares's medical treatment and temporary total disability compensation.

### Arguments on Appeal

Musson presents three arguments to support its contention that it was not the prime contractor in this case. It argues that no evidence shows that it was obligated to a third party for the work

performed by Valladares, that the Commission failed to strictly construe Ark. Code Ann. § 11-9-402, and that the Commission used inapplicable case law in determining Musson to be the prime contractor. We first will address the requirement of strict construction.

■ Musson correctly notes that the workers' compensation statutes must be strictly and literally construed, and that a particular provision must be construed with reference to the statute as a whole. *See* Act 796 of 1993; *Flowers v. Norman Oaks Constr. Co.*, 341 Ark. 474, 17 S.W.3d 472 (2000). Musson complains that nothing in Ark. Code Ann. § 11-9-402 says that general contractors are obligated to the employees of subcontractors of subcontractors. In the recent case of *Jones Bros., Inc. v. Journagan Constr. Co.*, 92 Ark. App. 406, 214 S.W.3d 870 (2005), however, we have ruled otherwise.

The claimant in *Jones* was injured while driving a dump truck for Whitlock Trucking. Whitlock had been hired by Aggregate Transportation Specialist, an immediate subcontractor of Journagan Construction Company. The Commission found that Jones Bros., Inc., was liable to the claimant for payment of workers' compensation benefits because it was the prime contractor within the meaning of section 11-9-402. We affirmed the decision of the Commission, explaining as follows:

> Whitlock Trucking — who lacked workers' compensation insurance — was Aggregate's subcontractor, Aggregate was Journagan's subcontractor, and Journagan was Jones's subcontractor. All subcontractors were performing services that arose from the contract between Jones and a third party, the Arkansas State Highway Commission. Thus, because Jones is the only contractor with an obligation to a third party, we are convinced that Jones was the sole prime contractor.

In the case now before us, under the precedent of *Jones*, we reject Musson's argument that strict construction prevents a finding of a general contractor's obligation to compensate injured employees of subcontractors of subcontractors.

We next address Musson's remaining arguments: that no evidence shows that Musson was obligated to a third party for the work performed by Valladares, and that the Commission used

inapplicable case law in determining that Musson was the prime contractor. The following portion of the Commission's decision is pertinent to these arguments:

> The parties stipulated that "Musson Building, Inc. was the general contractor [for] the house . . . and had subcontracted the roofing of the house to Juan Guerrero d/b/a/J&M Roofing." . . . In addition, Juan Guerrero testified that he had "a business relationship" with Musson Custom Building.
>
> . . . .
>
> The record indicates that the claimant was an employee of an uninsured subcontractor. Musson Custom Building was the prime contractor and was statutorily liable. Musson was contractually liable to a third party to build roofs. Musson hired Juan, who hired Edgar, who hired the claimant. The parties characterized Musson as a "general" contractor. The administrative law judge determined, "a 'general' contractor is not necessarily synonymous with a 'prime' contractor." The Arkansas Supreme Court implicitly found these terms synonymous in *Chevron USA v. Murphy Exploration & Prod. Co.*, 03-612 (Ark. 3-4-2004).

Musson acknowledges that under *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996), and *Bailey v. Simmons*, 6 Ark. App. 193, 639 S.W.2d 526 (1982), the status of prime contractor presupposes work to be done for a third party. Musson complains that no evidence in this case showed that it was obligated to a third party "for the same task which Juan Guerrero dba J&M Roofing had contracted to do"; Musson asserts that, without this contractual obligation, it was not a prime contractor and J&M Roofing was not its subcontractor. Musson further asserts that "Juan Guerrero d/b/a J&M Roofing was responsible to a third party, Musson Custom Building, Inc.; therefore, . . . Juan Guerrero d/b/a J&M Roofing was in fact the prime contractor on the job on the day of the claimant's injury."

Musson recognizes that in *Chevron USA v. Murphy Exploration & Production Co.*, 356 Ark. 324, 151 S.W.3d 306 (2004), the supreme court interchangeably used the terms "prime contractor" and "general contractor." Noting that *Chevron* was a personal injury case in which the issue was whether a subcontractor could be liable for a general contractor's negligent acts, Musson asserts that "prime contractor" and "general contractor" are not synonymous for purposes of workers' compensation law.

We review the Commission's decision on appeal to determine if it is supported by substantial evidence, viewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Jones Bros., Inc., supra.* The Commission found from the testimony and stipulations that Musson was contractually liable to a third party to build roofs and had hired Guerrero, who hired Villanueva, who hired Valladares. We hold that the stipulations and testimony recited by the Commission, particularly that Musson was the general contractor for the house and had subcontracted the roofing of the house to Juan Guerrero d/b/a/ J&M Roofing, along with the *Chevron* court's interpretation of the terms "prime contractor" and "general contractor," constitute substantial evidence to support the Commission's finding that Musson was the prime contractor in this case and thus was statutorily liable for purposes of Ark. Code Ann. § 11-9-402.

Affirmed.

ROBBINS, J., agrees.

GRIFFEN, J., concurs.

WENDELL GRIFFEN, Judge, concurring. I concur with the judgment for the reasons outlined in my dissenting opinion in *Riddell Flying Servs. v. Callahan*, 90 Ark. App. 388, 206 S.W.3d 284 (2005) (Griffen, J., dissenting).