The Honorable A. Watson Bell Chairman, Workers' Compensation Commission 324 Spring Street Post Office Box 950 Little Rock, Arkansas 72203-0950
Dear Chairman Bell:
You have requested my opinion concerning A.C.A. § 11-9-402, a section of the Workers' Compensation Law that provides for the issuance of a "certificate of noncoverage" ("CNC") to sole proprietors or partners in a partnership.[1] You note that under the authority of Section 11-9-402, the Arkansas Workers' Compensation Commission ("Commission") issues CNC's to applicants who properly complete an "Application for Certificate of Non-Coverage" and its accompanying "Affidavit for Certificate of Non-Coverage." You have expressed concern that the CNC, once granted, is being used or interpreted as a form of legal ID for persons who are in fact illegal immigrants and thus not eligible for employment in the United States.[2] You consequently are considering adding a question to the "Affidavit for Certificate of Non-Coverage" regarding the applicant's residency status; and you inquire as to the legality of such action. *Page 2 
RESPONSE
There is no law specifically preventing the Commission from questioning CNC applicants regarding their residency status. But because the Commission has no recognized role in immigration enforcement, I believe such a question may be outside the Commission's regulatory scope.[3]
As an alternative means of addressing the concerns you have identified regarding the CNC as a sort of legal ID, you may wish to consider adding information to the form that gives notice to prospective employers or prime contractors that (1) it is illegal to employ an undocumented immigrant; (2) the CNC does not in any way indicate a person's immigration status; and (3) employers should use the free federal "e-verify" program to check the status of all prospective employees before hiring them.[4] *Page 3 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A sole proprietor or partner who obtains a CNC and provides it to the prime contractor is presumed not to be covered by the Workers' Compensation Law or to be an employee of the prime contractor. A.C.A. § 11-9-402(c)(1)(B)(i) (Supp. 2009). See AlohaPools Spas v. Employer's Ins., 342 Ark. 398, 39 S.W.3d 440 (2000);Cloverleaf Express v. Fouts,91 Ark. App. 4, 207 S.W.3d 576 (2005).
[2] The federal Immigration Reform and Control Act of 1986 makes it illegal for an employer "to hire, or to recruit or refer for a fee, for employment in the United States an alien knowing the alien is an unauthorized alien." 8 U.S.C.A. § 1324a(a)(1).
[3] This is in recognition of the dominant role of federal law in the immigration area. The United States Supreme Court has recognized that the "[p]ower to regulate immigration is unquestionably exclusively a federal power." DeCanas v. Baca, 424 U.S. 351, 354 (1976).
[4] As explained by the 9th Circuit Court of Appeals:
 E-Verify[] is an internet-based system that allows an employer to verify an employee's work-authorization status. It is an alternative to the 1-9 system. After an employer submits a verification request for an employee, E-Verify either issues a confirmation or a tentative nonconfirmation of work-authorization status. If a tentative nonconfirmation is issued, the employer must notify the employee, who has eight days to challenge the finding. The employer cannot take any adverse action against the employee during that time. If an employee does challenge the tentative nonconfirmation, the employer will be informed of the employee's final work-authorization status. Any employee who either does not challenge a tentative nonconfirmation or is unsuccessful in challenging a tentative nonconfirmation must be terminated, or the employer must notify the Department of Homeland Security ("DHS") that it will continue to employ that person. An employer who fails to notify DHS of the continued employment of a person who received a final nonconfirmation is subject to a civil money penalty. An employer who continues to employ a person after receiving a final nonconfirmation is subject to a rebuttable presumption that it knowingly employed an unauthorized alien.
Chicanos Por v. Napolitano,558 F. 3d 856, 862 (9th Cir. 2009). The United States Supreme Court recently upheld the State of Arizona's requirement that E-verify be used by all public and private employers in that State. Chamber of Commerce v. Whiting,2011 U.S. LEXIS 4018, No. 09-115 (U.S. S. Ct., May 26, 2011).

 *Page 1