In the Matter of the Claim of WILLIAM M. MINNAUGH, Respondent, v TOPPER & GRIGGS, INC., et al., Appellants, and W. J. MEGIN, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 15, 1977. Claimant was injured working for Pal Sheet Metal, Inc. (Pal), during the construction of a shopping center which was being constructed by Mid-Westchester Industrial Park, Inc., in Peekskill, New York. W. J. Megin, Inc. (Megin), was the general contractor and it entered into agreements with

some 13 subcontractors, including appellant, Topper & Griggs, Inc. (Topper), which, in turn, subcontracted work to United Steel Deck and Bouras Company (Bouras). The latter further subcontracted with Pal. Concededly, Bouras had no workers' compensation insurance and it is disputed whether Pal was insured by American Casualty Company, Division of CNA (CNA). The board found that both Pal and Bouras were uninsured against the injury in question and held that pursuant to section 56 and subdivision 4 of section 54 of the Workers' Compensation Law, Topper and its carrier were liable for compensation. This appeal ensued. Appellants contend that the board erroneously applied section 56 of the Workers' Compensation Law to Topper since it was a subcontractor not contractually related to the uninsured employer and section 56 applies to a general contractor. It is argued, therefore, that liability should have been imposed upon Megin. In the alternative, appellants contend that Pal was protected by compensation insurance and, consequently, the precondition for holding Topper liable as a contractor does not exist. We disagree with both contentions and are to affirm. Obviously section 56 applies to contractors and our concern is whether it was intended to extend liability to a subcontractor that is twice removed from the uninsured employer. We are of the opinion that it was so intended. The purpose of the statute, in our view, is to protect an injured employee and place liability on the insured contractor or subcontractor nearest to the uninsured employer in the chain of subcontractors. A contrary conclusion would frustrate the true intent of the statute (see *Matter of Passarelli v Columbia Eng. & Contr. Co.,* 270 NY 68). We also reject appellants' contention that Pal was covered by insurance. The record reveals that CNA provided Pal with coverage under the assigned risk procedure in the State of New Jersey, for jobs carried on in New Jersey. There is no proof of a policy covering work in New York, nor is there proof of any conduct on the part of CNA which would have required the board to estop CNA from denying coverage. Considering the record in its entirety, there is substantial evidence to support the board's determination. Decision affirmed, with one bill of costs to respondents filing briefs against Topper & Griggs, Inc., and its insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.