JONES BROTHERS, INC.
and Lumbermen's Underwriting Alliance *v.* Michael WHITLOCK,
d/b/a Michael Whitlock Trucking Co., Aggregate Transportation
Specialist, LLC, and Missouri Employer's Mutual Insurance Co., Inc.,
and Leslie A. Keeter; Journagan Construction Co. and Builders'
Association Outstates Insurance Plan/Benchmark Ins. Co.

05-1135 234 S.W.3d 864

Supreme Court of Arkansas
Opinion delivered May 4, 2006

*Baxter, Jensen, Young & Houston*, by: *Terence C. Jensen*, for appellants.

*Davis, Wright, Clark, Butt & Carithers, PLC*, by: *Constance G. Clark*, for appellee Aggregate Transportation Specialist, LLC.

*Friday, Eldredge & Clark*, by: *James C. Baker, Jr.*, for appellee Missouri Employers' Mutual Insurance Co., Inc.

*Dover Dixon Horne PLLC*, by: *Joseph H. Purvis* and *Monte D. Estes*, for appellee Leslie A. Keeter.

*Warner, Smith & Harris, PLC*, by: *Wayne Harris*, for appellee/cross-appellant Journagan Construction Co.

*Laser Law Firm, P.A.*, by: *Frank B. Newell*, for appellee/cross-appellant Builders' Association Outstates Insurance Plan/Benchmark Insurance Co.

R OBERT L. BROWN, Justice. Appellants Jones Brothers, Inc. and its insurer, Lumbermen's Underwriting Alliance, appeal an order by the Workers' Compensation Commission to pay benefits to appellee Leslie Keeter. Jones Brothers raises three issues on appeal: (1) substantial evidence does not support the Commission's decision; (2) Jones Brothers was not the statutory employer; and (3) the method of recovery for Jones Brothers against the responsible subcontractor is error.

In the cross-appeal mounted by appellee Journagan Construction Company and its insurer, appellee Builders' Association Outstates Insurance Plan/Benchmark Insurance Company, they urge that the Commission erred in giving Jones Brothers a lien against Journagan and further erred in failing to decide whether appellee Aggregate Transportation Specialist, LLC, had workers' compensation insurance.

On September 22, 1997, Jones Brothers, Inc. contracted directly with the Arkansas Highway Commission to perform services and to provide materials to be used in the Highway 62–412 project along a four-and-a-half mile stretch west of Harrison. Thereafter, Jones Brothers entered into a written contract with Journagan, which was to perform a portion of that contract. In turn, Journagan entered into an oral contract with appellee Aggregate to provide trucks to haul some of the road material

required under the contract between Jones Brothers and Journagan. Finally, Aggregate hired appellee Michael Whitlock Trucking Company to provide some trucks for hauling material on the project.

On September 13, 1999, the claimant, Leslie A. Keeter, was driving an empty dump truck for Whitlock while working on the Highway 62-412 project when he was struck by a larger, loaded dump truck. The collision caused severe injuries to Mr. Keeter, including a fractured spine, a fracture to his right elbow, and a collapsed right lung. Mr. Keeter spent approximately a month in the hospital and approximately six months in rehabilitation. He is now a quadriplegic who suffers from severe physical paralysis and mental difficulties.

The Commission adopted twelve findings of fact from the administrative law judge and made conclusions of law. Included in those findings was the fact that Whitlock was an uninsured employer for purposes of workers' compensation benefits, that Jones Brothers was liable to Mr. Keeter as a statutory employer, that Jones Brothers was entitled to a lien against money due to Journagan, and that Journagan, in turn, had a lien against money owed to Aggregate and so on.

Jones Brothers appealed three of those findings to the court of appeals. In its opinion, the court of appeals affirmed the decision of the Commission. *See Jones Bros., Inc. v. Journagan Const. Co.*, 92 Ark. App. 406, 214 S.W.3d 870 (2005). This court subsequently granted a petition for review filed by Jones Brothers. When this court grants a petition for review, it considers the appeal as though the case originally had been filed in this court. *See, e.g., Wallace v. West Fraser South, Inc.*, 365 Ark. 68, 225 S.W.3d 361 (2006).

We affirm the order of the Workers' Compensation Commission in part and reverse and remand in part. With regard to the opinion of the court of appeals, it is reversed in part.

For its first point on appeal, Jones Brothers contends that the following finding of the Full Commission was made in error:[1]

3. That the Claimant has proven by a preponderance of the evidence that . . . [his] injuries arose out of and in the course of

---

[1] Aggregate and Journagan agree with Jones Brothers on this point. Aggregate adds that if there is no evidence that Mr. Keeter was performing work in furtherance of the subcontract between Jones Brothers and Journagan, then there would likewise not be evidence to hold any of the subcontractors liable for Mr. Keeter's workers' compensation

his employment when he was involved in a motor vehicle accident on September 13, 1999, while engaged in carrying materials to the work site of the Highway 62-412 highway construction project contracted by RE4 with the Arkansas State Highway Department; . . . .

According to Jones Brothers, Mr. Keeter failed to provide the evidence necessary to prove by a preponderance of the evidence that he sustained a compensable injury as a result of work he performed in furtherance of the written subcontract agreement between Jones Brothers and Journagan. Specifically, Jones Brothers asserts that Mr. Keeter testified that he has no independent recollection of what job he was working on at the time of his accident. Jones Brothers further contends that it would be speculation to determine on which project Mr. Keeter was working, because both Journagan and Aggregate were involved in several projects at the time of the accident.

■ We disagree and hold that the Commission's decision is supported by substantial evidence.[2] When considering an appeal that involves claims for workers' compensation, this court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *See Wallace, supra.* This court has described substantial evidence in this context as follows:

> Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm the decision. Where the Commission denies a claim because of the claimant's failure to meet his burden of proof, the substantial

---

benefits. Because it contends that its interests are not involved, Missouri Employers' Mutual Insurance Company (MEMIC), the insurer for Aggregate, takes no position on this point on appeal.

 [2] Builders' agrees with Mr. Keeter that the Commission's decision discussed in this point on appeal was supported by substantial evidence. Alternatively, on cross-appeal, Builders' contends that if this court finds there is no substantial evidence to support the Commission's decision, then this court should likewise find that there is no substantial evidence that Mr. Keeter was injured while working pursuant to a contract between Aggregate and Journagan. Thus, according to Builders', this court should conclude that Journagan has no liability for workers' compensation benefits.

evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief.

*Wallace*, 365 Ark. at 69-70, 225 S.W.3d at 363 (internal citations omitted).

It is clear that reasonable minds could reach the result found by the Commission based on the evidence before it. Mr. Keeter's wife, Becky Keeter, testified that Mr. Keeter was going to work on the Highway 62-412 project near Harrison on the morning of September 13, 1999. She explained that she remembers where he was working in part due to the phone call she received on the evening of September 12, 1999, instructing Mr. Keeter where he would be working the following day. She also testified that Mr. Keeter called her on the morning of September 13 on his way to work and talked about the project he would be working on that day.

Mr. Keeter's employer, Mr. Whitlock, further testified that Mr. Keeter was working on the Highway 62-412 project on the date of the accident. Additional testimony established that Whitlock's work on the Highway 62-412 project was done pursuant to an agreement with Aggregate, which was supplying services on that project based on its agreement with Journagan. The subcontract agreement between Jones Brothers and Journagan established that Jones Brothers contracted directly with Journagan for services on the Highway 62-412 project. Finally, there was testimony that the accident occurred near the site of that project.

Taken together, this evidence meets our standard of review of substantial evidence. We affirm the Commission on this point.

Jones Brothers asserts as its second point on appeal that if this court determines substantial evidence supports the Commission's decision, then this court alternatively should hold that the Commission was incorrect in deciding that Jones Brothers was the "prime contractor" liable to Mr. Keeter under Ark. Code Ann. § 11-9-402(a) (Repl. 1996), after finding that Whitlock was uninsured.[3]

According to Jones Brothers, § 11-9-402(a) should be interpreted to require the Commission to go up the chain of subcon-

---

[3] Journagan agrees with the arguments of Jones Brothers under this point. Builders', however, disagrees with Jones Brothers and Journagan and asserts that the Commission's

tractors from Mr. Keeter, beginning with Whitlock, and assess liability against the first insured contractor in that chain. Jones Brothers further asserts that because the statute fails to define "prime contractor" or "subcontractor," we must look to the definitions previously applied by this court. *See Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). When those definitions are applied, Jones Brothers maintains that Journagan, Aggregate, and it are all prime contractors with respect to the subcontractors beneath each of them.

This court has noted in past cases that Act 796 of 1993 made significant changes in the workers' compensation statutes and the manner in which workers' compensation claims are to be resolved. *See, e.g., Wallace, supra; see also Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002). This court recently described the changes made by Act 796:

> Claims arising from injuries occurring before the effective date of Act 796 (July 1, 1993) were evaluated under a liberal approach. However, Act 796 requires us to strictly construe the workers' compensation statutes. The doctrine of strict construction directs us to use the plain meaning of the statutory language.

*Wallace*, 365 Ark. at 71, 225 S.W.3d at 365 (internal citations omitted). Where the workers' compensation statutes do not define specific language included in them, it "falls to this court to define [those] terms in a manner that neither broadens nor narrows the scope of Act 796 of 1993." *Id.* at 72, 225 S.W.3d at 365. This court has further held that "[s]trict construction means narrow construction and requires that nothing be taken as intended that is not clearly expressed." *Elam v. Hartford Fire Ins. Co.*, 344 Ark. 555, 568, 42 S.W.3d 443, 451 (2001).

With respect to the issue at hand, this court has recognized that for there to be a subcontractor relationship, "the person sought to be charged as prime contractor must have been contractually obligated to a third party for the work being done at the time of the injury." *Nucor Holding Corp.*, 326 Ark. at 223, 931 S.W.2d at 439. In *Nucor Holding Corp.*, this court also referred to the Court of Appeals' definition of "subcontractor" in *Bailey v. Simmons*, 6 Ark.

---

decision is correct. MEMIC also disagrees with Jones Brothers and argues that the Commission properly held that Jones Brothers is liable as the statutory employer.

App. 193, 639 S.W.2d 526 (1982). *See id.* In *Bailey*, the Court of Appeals adopted the following definition of "subcontractor" within the meaning of Ark. Code Ann. § 11-9-402:

> A subcontractor is one who enters into a contract with a person for the performance of work which such person has already contracted to perform. In other words, subcontracting is merely 'farming out' to others all or part of work contracted to be performed by the original contractor.

*Bailey*, 6 Ark. App. at 196, 639 S.W.2d at 528.

We turn now to the statutory provision at issue:

> (a) Where a subcontractor fails to secure compensation required by this chapter, the prime contractor shall be liable for compensation to the employees of the subcontractor.

Ark. Code Ann. § 11-9-402(a) (Repl. 1996).

In interpreting subsection (a), Jones Brothers espouses the chain approach. This approach would allow Mr. Keeter to seek recovery first from Whitlock, then from Aggregate if Whitlock is uninsured, then from Journagan if Aggregate is uninsured, and finally from Jones Brothers if Journagan is uninsured. The second approach is the direct-liability approach applied by the Commission, which is favored by Mr. Keeter. This approach would allow Mr. Keeter to hold Jones Brothers, which is the prime contractor, directly liable for his injuries because Whitlock is uninsured.

In Arthur Larson's distinguished treatise on workers' compensation law, he adopts the chain approach for liability which is advocated by Jones Brothers in the instant appeal:

> The purpose of this legislation was to protect employees of irresponsible and uninsured subcontractors by imposing ultimate liability on the presumably responsible principal contractor, which has it within its power, in choosing subcontractors, to pass upon their responsibility and insist upon appropriate compensation protection for their workers. This being the rationale of the rule, *in the increasingly common situation displaying a hierarchy of principal contractors upon subcontractors upon sub-subcontractors, if an employee of the lowest subcontractor on the totem pole is injured, there is no practical reason for reaching up the hierarchy any further than the first insured contractor.* Thus, *In re Van Bibber's Case*, an insured general contractor engaged

an insured subcontractor who in turn engaged an uninsured sub-subcontractor. The subcontractor was held liable for the compensation payable to an injured employee of the sub-subcontractor. The general contractor was held not liable.

4-70 ARTHUR LARSON, LARSON'S WORKERS' COMPENSATION LAW § 70.04 (2005) (emphasis added).

Other jurisdictions have adopted the chain approach for liability when dealing with multiple contractors. *See, e.g., In re Van Bibber's*, 343 Mass. 443, 179 N.E.2d 253 (1962) (when an employee of the last sub-subcontractor was killed in the scope of employment, the Massachusetts Supreme Court held that the first insured subcontractor, and not the prime contractor, was liable); *Minnaugh v. Topper & Griggs, Inc.*, 69 A.D.2d 965, 416 N.Y.S.2d 348 (1979) (liability extended to insured subcontractor twice removed from uninsured employer of claimant).

■ Jones Brothers's reliance on these two cases, however, is misplaced. Our statute (§ 11-9-402(a)) differs from the language in the statutes at issue in *Van Bibber* and *Minnaugh*. Furthermore, § 11-9-402(a) reads that where a subcontractor fails to secure compensation required by this chapter, the prime contractor shall be liable for compensation to the employees of the subcontractor. The language in our statute is clear. If a subcontractor is uninsured, the injured employee of that subcontractor may seek compensation directly from the prime contractor. That is precisely what occurred in this case. Whitlock was uninsured, and Mr. Keeter sought compensation from the prime contractor, Jones Brothers. We affirm the Commission and hold that Jones Brothers was the prime contractor for purposes of the statute.

■ On this point, we are further mindful of the fact that § 11-9-402(a) was amended by Act 1917 of 2005, so that it now reads: "Where a subcontractor fails to secure compensation required by this chapter, the prime contractor shall be liable for compensation to the employees of the subcontractor *unless there is an intermediate subcontractor who has workers' compensation coverage.*" Ark. Code Ann. § 11-9-402(a) (Supp. 2005) (emphasis added). Though styled a "clarification" of existing law, we conclude that Act 1917 represents a significant change in § 11-9-402(a). *See MacSteel Div. of Quanex v. Arkansas Oklahoma Gas Corp.*, 363 Ark. 22, 210 S.W.3d 878 (2005) (holding that when interpreting a statute, this court will not consider an amendment that changes the

statute even though the relevant act was characterized as an act to "clarify.") Because we conclude that Act 1917 was intended to change significantly prime-contractor liability when a chain of subcontractors is involved, we will not use it for purposes of determining legislative intent in the instant case.

■ Jones Brothers next argues that under § 11-9-402(b)(1), it should be allowed to recover a judgment against the responsible subcontractor for the amount paid to Mr. Keeter even if a lien under subsection (b)(2) is not available. In addressing this point, we first must determine whether subsection (b)(1) is meant to provide for a recovery separate and apart from the lien remedy specified in subsection (2). We conclude that a recovery under subsection (b)(1) is not limited solely to amounts due that are lienable. Subsections (b)(1) and (b)(2) read:

> (b)(1) Any contractor or his insurance carrier who shall become liable for the payment of compensation on account of injury to or death of an employee of his subcontractor may recover from the subcontractor the amount of the compensation paid or for which liability is incurred.

> (2) The claim for the recovery shall constitute a lien against any moneys due or to become due to the subcontractor from the prime contractor . . . .

Ark. Code Ann. § 11-9-402(b)(1)-(2) (Repl. 1996). While a recovery *shall* constitute a lien against any amounts due the subcontractor, it does not follow that recovery is only available to the prime contractor if an amount is still owed the subcontractor by the prime contractor. In short, the prime contractor may recover from the subcontractor the amount of compensation paid the claimant even though the prime contractor may not owe money to that subcontractor on which it could place a lien.

■ For the next issue, we must determine whether the method of recovery available to Jones Brothers under § 11-9-402(b) is meant to follow a similar chain approach or direct approach. In other words, if Jones Brothers pays Mr. Keeter benefits, as we hold it must in this opinion as the statutory employer, then can Jones Brothers recover from Journagan (the chain approach), or must Jones Brothers attempt first to recover directly from Mr. Keeter's employer, Whitlock (the direct ap-

proach)? In light of the plain language in § 11-9-402(a), followed immediately by § 11-9-402(b)(1), it is clear to this court that Jones Brothers's recourse is against *the subcontractor*, which is Whitlock. Section (a) refers to the prime contractor's liability to employees of *the* uninsured subcontractor and then subsection (b)(1) refers to recovery from *the* subcontractor. The reference to the subcontractor in both sections is clearly to Whitlock. We reverse on this point. We hold as we do even while we recognize that Jones Brothers may not owe money to Whitlock which is lienable under subsection (b)(2). In the event Jones Brothers is not satisfied by its recovery from Whitlock, Jones Brothers will, of course, be entitled to any subrogation rights it may have as a result of paying compensation benefits to Mr. Keeter.

 With respect to Jones Brothers's request to modify the Commission's order to specify a claim not only against Journagan but also against its insurer, Builders', we consider the modification to be unnecessary. First, we are holding today that Jones Brothers's recourse initially is against Whitlock. Moreover, in the event that Journagan is ultimately held liable for the compensation paid on a subrogation claim, its insurance carrier is bound and obligated by statute to the same extent as the employer. *See* Ark. Code Ann. § 11-9-405(b)(3) (Repl. 2002).

Affirmed in part. Reversed and remanded in part.

Court of appeals reversed in part.

GLAZE, J., not participating.