82,141-03,04

Jeremy Crespin
TDCJ No. 1807429
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX 76597

MOTION DENIED
DATE: 3-13-15
BY: RC

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 06 2015

Abel Acosta, Clerk

Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308
Austin, TX 78711

March 1, 2015

RE: WR-82,141-04 and WR-82,141-03

Dear Clerk,

Please FILE this Letter Supplement to Suggestion for Reconsideration in BOTH of the Above refrenced cases. And present it to the Court.

APPLICANT'S PRO SE LETTER
SUPPLEMENT TO SUGGESTION FOR RECONSIDERATION

TO THE HONORABLE JUDGES OF THIS COURT:

- NEXT PAGE -

Applicant, Jeremy Crespin, has presented in his writ applications, juxtaposed positions within Ground Three. This ground concerned the ineffective assistance of trial counsel in relation to advise concerning the testimony of the compliantant. In one scenario, Applicant pointed out that counsel advised him the State could obtain a conviction without the testimony of the compliantant. Yet, in the other scenario, Applicant pointed out that counsel advised him the compliantant was present to testify, when in fact she was not available to testify. To resolve this ground it is necessary to determine the factual issue of whether the compliantant was or was not present at court on June 15, 2010 and available to testify.

In short, in neither instance would any reasonable competant counsel provide the stated advice. And, in either instance, Applicant would not have plead guilty had he been given accurate information and advice from trial counsel. Thus, the writ application can not be properly disposed without the resolution of this factual issue. The convicting court did not resolve this factual issue in its Findings of Fact and Conclusions of Law. Therefore, it is unclear how this court could deny relief, based upon the convicting court's Findings (without a hearing) and this Court should RECONSIDER, on its own initiative, both cases (WR-82,141-03 and WR-82,141-04).

Respectfully Submitted,

x _Jeremy Crespin_
JEREMY CRESPIN
APPLICANT PRO SE

JC/SWD
&c: FILE
DA


VERIFICATION / CERTIFICATE OF SERVICE

I, JEREMY CRESPIN, TDCJ Id. No. 1807429, BEING PRESENTLY INCARCERATED IN THE HUGHES UNIT OF TDCJ-CID, IN CORYELL COUNTY, TEXAS, DO DECLARE UNDER THE PENALTY OF PERJURY THAT TO THE BEST OF MY BELIEF THE FACTS IN THIS LETTER SUPPLEMENT ARE TRUE AND CORRECT; AND, THAT I HAVE CAUSED A COPY OF THIS DOCUMENT TO BE SERVED ON THE DALLAS COUNTY DISTRICT ATTORNEY, ON THE DATE EXECUTED BELOW, BY PLACING IT INTO THE PRISON MAIL SYSTEM TO BE MAILED 1ST CLASS USPS.

EXECUTED ON THIS THE 28 DAY OF February ,2015.


x _Jeremy Crespin_
JEREMY CRESPIN
APPLICANT PRO SE

Jeremy Crespin
TDCJ No. 1807429
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX 76597

Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308
Austin, TX 78711

February 28, 2015

RE: WR-82,141-04 and WR-82,141-03

Dear Clerk:

PLEASE FILE THE ENCLOSED MOTION IN BOTH OF THE ABOVE REFERENECED CASES (WR-82,141-04 and WR-82,141-03).

Please find enclosed one original of "Applicant's PRO SE Motion for Leave to Suggest Court to Reconsider, On Its Own Initiative, the Denial of Relief in These Writ Application."

Please FILE it in both cases and present it to the Court for action.

Thank YOU for your time and assistance in this mater.

Respectfully,

x _Jeremy Crespin_
Jeremy Crespin
Applicant PRO SE

JC/swd
cc:  FILE
     DA

CCA WRIT NO(S).  WR-82,141-03  AND  WR-82,141-04

EX PARTE

JEREMY CRESPIN

§   IN THE COURT OF CRIMINAL
§
§   APPEALS OF TEXAS
§
§   AT AUSTIN, TEXAS

## APPLICANT'S PRO SE MOTION FOR LEAVE TO SUGGEST COURT TO RECONSIDER, ON ITS OWN INITIATIVE, THE DENIAL OF RELIEF IN THESE WRIT APPLICATIONS

TO THE HONORABLE JUDGES OF THIS COURT:

Applicant, Jeremy Crespin, first received a copy of the convicting court's Findings of Fact and Conclusions of Law ("Findings") on Monday, February23, 2015.  This Court denied relief in these writ applications on Wendsday, February 25, 2015.  Those 2 days were not sufficient time for Applicant to file OBJECTIONS to the convicting Court's Findings.

Priorly, in a "motion to stay", Applicant had asked this Court to require the convicting court clerk to provide Applicant with a copy of the Findings.  It appears that, rather than resolve that concern in the open, this Court utilized back channel (and ex parte) communications with the convicting court officals and "dismissed" the motion to stay.  The result being, that while Applicant (thankfully) received a copy of the Findings, as a pratical matter Applicant was not given 10 days to file OBJECTIONS to those findings (as was requested in the motion to stay).  See, Tex. R. App. Proc., 73.4(b)(2).

Thus, Applicant request leave to suggest that this Court RECONSIDER, on its own initiative, the denial of relief in these article 11.07 writ cases.  See, Tex. R. App. Proc., 79.2(d). And, that upon reconsideration, or rehearing, that this Court consider Applicant's OBJECTIONS to the convicting court's Findings. Primarly, this Court had previously determined that Applicant had alleged facts that, if true, might entitle him to relief and

that additonal facts were needed. See, CCA Order in Writ No. wr-82,141-03 (12/17/2014). Yet, the only additonal facts gathered was trial counsel's "answer" which contains no facts realative to the grounds raised in the writ applications. Thus, the Convicting court's Findings are not supported by the writ record before this Court. See, Ex parte Evans, 964 S.W.2d 643, 648 (Tex.Crim. App.1998)("Although the findings indicate that documents ... corrobrate Applicant's allegations, our record does not include any such documents. The record is devoid of any evidence..." to support the trial court's findings.) Worse still, the convicting court puports to make a credibility determination about trial counsel; however, even if the convicting court were privy to confidential attorney-client communications between trial counsel and other defendants, the advice given to other defendants does not support Findings on what advice counsel gave to Applicant.[1] See, Pension v. Ohio, 488 U.S. 75, ____ n. ___ (1988)(very real concern that counsel can just be lazy in one case is one reason an Anders brief is necessary). Applicant's OBJECTIONS to the convicing court's Findings areas follow:

1) Irrespective of what happen in the juvenile court, the convicing court did not have jurisdiction to enter the Judgment of convictin in writ No. WR-82,141-03 because Section 8.07 of the Penal Code prevents prosecution and conviction of any one under the age of 15 for a second degree felony and on the date of this offense, as recorded in the Judgment, Applicant was under the age of 15. See, Ex parte Waggoner, 61 S.W.3d 429, 431 (Tex.Crim.App.2001)

2) An 11.07 writ application seeks relief from a final felony Judgment and, therefore, it is the date of the offense recorded in the Judgment that matters; which, requires that the law in effect on the date of the offense, as recorded in the Judgment, to be applied (and in 1994 Applicant did not have to object, prior to trial, to problems with age restrictions). See, Waggoner, 61 S.W.3d at 431 n.2.

3) The express findings set out on the face of the juvenile court Order **limited** the transfer to conduct that happen when Applicant was 16 years old; therefore, inspite of any "on or about" language the juvenile court never waived its exclusive jurisdiction over conduct that happen on the date of the offenses, as recorded in the Judgment, and the convicting court did not have any jurisdiction to enter the Judgments of conviction in Writ No(s). WR-82,141-03 and WR-82,14104. See, Moon v. State, No. PD-1215-13 (Tex.Crim.App. - December 10, 2014)(PUBLISHED)(insufficiency of the evidence to be measured by the express findings set out on the face of the juvenile court Order); Taylor v. State, 332 S.W.3d 483, 491-492 (Tex.Crim.App.2011) (language in jury instruction could limit the "on or about" dates the jury could consider to dates when the defendant was over 18 years old).

4) Applicant was NOT required to cite law in the writ application, rather law must be cited in the memorandum of law, and in his memorandum of law Applicant did cite to Richardson v. State, 770 S.W.2d 797, 799 (Tex. Crim.App.1989) which relies upon Section 54.02(g) of the Family Code to prohibit the separate prosecution, or rather the retroactive separation of a companion case out of the underlying juvenile court order. See, "Instruction" for 11.07 writ application form (rev. 01/14/2014).

5) The statue, Penal Code 3.01, itself threatened stacked sentences of these two separatly indicted cases and, regaurdless of any other promises, by pleading guilty in exchange for 5 years deferred adjudication probation, Applicant avoided the threatened result.

6) There is a fourth category that creates **ex post facto** laws, mainly laws that "permit conviction on quantum of evidence, where that quantum, at the time the new law was enacted, would have been legally insufficient" and under the statue of limitations in effect on the date of these offenses, at the time of trial there would have been insufficient evidence to sustain the convictions. See, Carmell v. Texas, 120 S.Ct. 1620, 1640(2000); Phillips v. State, 362 S.W.3d 606, 610 (Tex.Crim.App.2011) (acknowledging fourth category); See, also, ie., Lemell v. State, 915 S.W.2d 486, 488 (Tex.Crim.App.1995)(failure to prove statue of limitaions dates results in reversial for insufficient evidence).

---

1. Moreover, while the convicting court is allowed to use personal recollection to resolve disputed facts (under Article 11.07 § 3(d)) -- that provision refers to personal recollection about the case at hand NOT any general knowledge the Judge might have, especially when there is nothing in the writ record before this Court to support those findings. See, Evans, 964 S.W.2d at 648.

7)    Trial counsel's "answer" contains no facts relative to the grounds raised in the writ application and, thus, the convicting court's Findings concerning ineffecitve assistance of counsel are not supportted by the record before this Court.  See, Evans, 964 S.W.2d at 648; See also, Perillo v. Johnson, 79 F.3d 441, 445, 451 (5th Cir 1996)(additional discovery and evidentiary hearing were required, in part, when counsel's affidavit did not squarely address the relevant issues).

8)    The convicing court made imporoper jumps in logic in its Findings, to include:
a)    Trail counsel's conduct in other cases proves what knowledge of the law counsel has generally, what investigation counsel did in these cases, and what advice counsel gave to Applicant.
b)    The fact that trial counsel discussed some unspecified strategies with Applicant proved that counsel actually discussed matters of law that Applicant complains counsel did not in the writ applications.
c)    The fact that trial counsel was ready to proceed to trial proves that counsel correctly advised Applicant about the guilty plea.
d)    The fact that Applicant choose to plea guilty proves that trial counsel either did not have to provide adequate advice about the guilty plea or that counsel did provide correct advice.
e)    That just because Applicant was prescribed anti-psychotic medications that it proves trial counsel was aware of that fact and that counsel inveestigated that facts impact upon Applicant's competency.

9)    The convicting court never resolved numerous controverted previously unresolved facts, to include:
a)    Was the complainant present and available to testify on June 15, 2010?  See, Applicant's Exhibit "A" (Affidaivt of Debra Crespin).
b)    Did trial counsel tell Applicant whether the complainant was or was not available to testify on June 15, 2010?
c)    Did trial counsel advise Applicant that the State could obtain a conviction without the testimony of the complainant?
d)    Did trial counsel advise Applicant that the State could use the "out-cry" statement against Applicant (to obtain a conviction)?
e)    Did trial counsel advise Applicant that the State could use the recorded phone call between Applicant and the complaintant to either help convict him or at the sentencing hearing to obtain a harsher sentence?
f)    Regardless of what the plea papers state, did trial counsel advise Applicant that the

deferred adjudication probation had severe
disadvantages that the 5 years in prison
plea bargain did not have?
g)   Did trial counsel investigate at all
the problem with the dates between the juvenile
court Order and the indictments and did counsel
advise Applicant that if the State only proved
at trial the 1994 dates and the defense made
the State "elect" which dates it was seeking
a conviction for -- that there was a chance
to prevent the conviction(s), or at least
to prevent a stacked sentence.
h)   Was trial counsel aware that Applicant
had mental helth problems and was taking
prescribed anti-psychotic medication AND
did trial counsel perform any investigation
into Applicant's competency?

10)   The police believed that Applicant's demeanour
during the recorded phone call between Applicant and
the complainant was incriminating and the recording
could have been used at sentencing; therefore, the
recording should have been supressed when Applicant
had invoked his right to counsel and, thereafter,
never waived his right to counsel.  See, Rhode Island v.
Innis, 100 S.Ct. 1682, 1689 (1980)(anytype of incrimination
is suffienct to require suppression).

11)   No where does Applicant claim that the registration
requirment was an **ex post facto** violation; rather,
at all times, becuase Applicant was under the age of
17 on the date of the offenses, Applicant was only
required by law to register once a year -- never every
90 days -- and the appeal was affirmed soley upon the
failure to register every 90 days (the amendment of
the statute of limitaions was a separate error of counsel)
AND, insufficient, or **no** evidence, claims may be raised
for the first time on appeal.  See, Tex.Code. Crim.
Porc., art. 62.001(6) and 62.058.

12)   Yet, the convicting court failed to aquire a response
from revocation counsel or revocation appellate counsel.

Thus, not only are the convicting court's Findings not supported

by the record, they continually misconstrue Applicant's grounds

for relief and the applicable law.  This Court should not have

denied relief based upon the Convicting court's Findings.  Indeed,

it would be a denial of DUE PROCESS to deny relief based upon

such poor Findings.  See ie., Townsend v. Sain, 83 S.Ct. 745

(1963) (state habeas court must provide full and fair opportunity

to develop facts and have the factual basis of calims considered), overruled in part on other grounds, <u>Keeney v. Tamayo-Reyes</u>, 112 S.Ct. 1715 (1992)(n.5 still requires full factual develope in state court proceedings), <u>Ex parte Young</u>, 418 S.W.2d 824 (Tex.Crim.App.1967) (same); See also, <u>(Michael) Williams v. Taylor</u>, 120 S.Ct. 1479 (2000).

## DISCUSSION OF ONLY TWO OBJECTIONS

Rather than represent arguements on each and every one of Applicant's OBJECTIONS, Applicant will focus on the convicting court's lack of jurisdiction to enter the Judgments and that the writ record before this Court does not support the convicting court's Findings. (Applicant has filed numerous pleadings addressing the content of the OBJECTIONS, to include, a REPLY to the State's Response, A REPLY to this Court's Order of 12/17/2014, a Motion to STRIKE Trial Counsel's Response, and, of course, the original memorandum of law.)

## JURISIDICTION TO ENTER JUDGMENTS

The convicting court's Findings appear to conclude that because the "proper" date for the offenses are in September 1996, when Applicant was 16 years old, that these is nothing wrong with these convictions. It is correct that it will be important to focus on the conduct when Applicant was 16 years old. However, the Findings (or conlcusions) overlook that it is the date in the Judgment(s) that will determine if these convictions are improper. Especially, when the only evidence to support the Judgments are the judical confessions that admit to offenses in Septmber 1994 (over which the convicting court had no jurisdiction).

Applicant is entitled to RELIEF.

## Date In Judgments Matter

An 11.07 writ application seeks relief from a final felony judgment. See, Tex. Code Crim. Proc., art. 11.07 § 1. The Judgments in these cases record the dates of the offenses, as required by law, as September 1994. See, Tex. Code Crim. Proc., art. 42.01 §1(14). The only eviednce introduced at trial were the judical confessions and they admit to the offenses happening in September 1994. Thus, the dates that mater in these cases are the dates in the Judgment.[2] At this point, the dates in the juvenile court order and the indictment are immaterial.

## Date in Judgments = Applicable Law

The law is already established by this Court that for offenses that happen in 1994, there is no requirment to object to a district court's lack of jurisdiction based upon age-related reasons. See, Waggoner, 61 S.W.3d 431 n. 2. Thus, this Court, and the concivting court, were incorrect to consider whether Applicant objected under Article 4.18(b)(1). That statue does not apply to these Judgment that Applicant is seeking relief from.

## Judgment in WR-82,141-03 is VOID

Moreover, no matter what happen in juvenile court, the convicting court had no jurisdiction to convict Applicant of an offense that happen when he was under 15 years of age. See, Tex. Penal Code § 8.07; See also, Acts 1975, 64th Leg, p. 2158, ch. 693. Thus, this Court's own case law establishes, that the Judgment in Writ No. WR-82,141-03 is VOID. See, Waggoner, 61 S.W.3d at 431.

## Did "White Card" Overrule Waggoner?

This Court should not summarily overrule Waggoner, this Court's

established precedent, with a "white card" denied without written order.

### Application of Legal Theories = WR-82,141-04 VOID

Thus, established precedent requires reflief from the Judgment in WR-82,141-03. Yet, it does take some application of leagal theories to determine that the Judgment in WR-82,141-04 is VOID. There are several legal theories under which to determine that this Judgment is VOID (which have been discussed in privious pleadings); but, only one legal theory will be addressed here.

### Moon v. State = Face of Juvenile Court Order Matters

Just recently, this Court has held that the express findings set out on the face of the juvenile court's Order are controlling. See, Moon, PD-1253-13 (applying Family Code § 54.02(h)). The face of the juvenile court's Order in these cases expressly set out that the juvenile court was only transfering conduct that happen when Applicant was 16 years old and that happen on or about September 1, 1996.[3]

### Conduct Not Person Transfered

While it is true that an indictment, and conviction, following a transfer from the juvenile court may be based upon any conduct that the juvenile court transfered -- it is only conduct, not a person, that is transfered. See, Livar v. State, 929 S.W.2d 573, 574 (Tex.App. - Ft. Worth 1996)(following Ex parte Allen, 618 S.W.2d 357, 361 (Tex.Crim.App.1981(Op. on reh'g). Thus,

---

2. See, Ruiz v. State, 499 S.W.2d 299 (Tex.Crim.App.1973)(under prior version of Article 42.01 the date of the offense did not matter unless it reflected the conviction was barred by statute of liomitaion AND AS LONG AS THE DATE WAS IN AGEEMENT WITH THE JUDICAL CONFESSION). It could be adgued that under the present version of Article 42.01 the date of offense does matter and espcially when it is necceassary to determine the applicable law and other material matters AND that the date in the Judgement must match the JUDICAL CONFESSION.

the express findings set out on the face of the juvenile court's Order work as limiting language that limits the conduct that is transfered. See, Taylor, 332 S.W.3d at 491-492. Therefore, inspite of any "on or about" language in either the juvenile court's order or the indic̶t̶m̶n̶t (ment) -- the only conduct the convicting court had jurisdiction over was from when Applicant was 16 years old. Id. The juvenile court never waived its exclusive jurisdiction over any conduct that happen in September 1994 (the dates in the Judgments and Judical Confessions). Therefore, the Judg̶e̶m̶n̶t (ment) in Writ No. WR-82,141-04 for an offense that happen on Septmeber 1, 1994 is VOID (as well as the Judg̶e̶m̶n̶t (ment) in WR-82,141-03). Applicant is entiteled to RELIEF.

## FINDINGS UNSUPPORTED BY THE RECORD

Is there any doubt that even when the state does not have to offer any post-convction relief, that once the state chooses to offer post- conviction relief procedures applicant's are entitled to DUE PROCESS in using those procedures? Applicant has not been afforded DUE PROCESS when the trial court continualy misconstrued his grounds for relief and failed to allow Applicant an opportunity to gather additional evidence to support his grounds for relief. For instance, this Court had priorly determined that Applicant's grounds that revocation and revocation appellate counsel were ineffective to fail to object to the revocation of probation based upon the sex offender registration requirments "if true, might entitle him to relief." See, CCA Order in WR-82,141-03 (12/17/2014). Yet, when the convicting court's Findings misconstued that ground as some type of complaint about an **ex post facto law**, this Court did not revisit its original determination that there was a vaild calim made in those grounds.

## No Facts in Trial Counsel's "Answer"

The simple fact is that trial counsel's "answer", that is devoid of any supporting facts, can not support any Findings of Fact. See, Ex parte Reed, 271 S.W.3d 698, 727 (Tex.Crim.App. 2008)(no deference to findings and conclusions that are not supportted by the record). The only "fact" in trial counsel's "answer" is that counsel "was able to secure [Applicant] a five year **probation** which he quickly violated." (emphasis added). This fact only serves to affirm, not refute, Applicant's grounds. Applicant's most basic complainant is that trial counsel was so pleased with himself at securing the most lenient plea bargain allowed by law, that counsel did not fell the need to explain to Applicant little things like the differences between regular "probation" and deferred adjudication probation.[4&5] In short, counsel's response shows that, once again, this case is not imporant enough to merit his precious time to explain the relevant facts and law. How on earth such an "answer" from counsel can support the Findings is lost upon Applicant.

## Not About Credibility

All the convicing court did was find that trial counsel was creditable. Okay, great. But, what facts did counsel diclose that were creditable? Only the one -- that he secured the most

3. The juvenile court's Order limits the conduct in WR-82,141-03 to exactly happening on September 1, 1996 (not "on or about").
4. The record also does not support the convicting court's finding that the plea papers explained that if Applicant was placed on deferred adjudication probation he could be sentenced anywhere within the applicable range. First, at the time of the plea Applicant did NOT know the correct termilogy. And what the plea papers actually say is that Applicant was pleaing to "Deferred community supervision for 5 years" and if "unadjudicated community supervision" were violated he could be sentenced anywhere within the range. NEVER DO THE PLEA PAPERS COMBINE THE TERMS "DEFERRED" and "UNADJUDICATED". Thus, Applicant did not understand, from the plea papers, that the "probation" he was agreeing to could result in a LIFE sentece if revoked.
5. See, Ex parte Imoudou, 234 S.W.3d 866, 871 n.4 (Tex.Crim.App.1992)(a lenient sentece does not refute ineffective assistance), Ex parte Langley, 833 S.W.2d 141, 144 (Tex.Crim.App.1992)(same).

lenient plea bargain allowed by law. Thus, the resolution of these cases is NOT about credibility. It is about the lack of facts to support any Findings made by the convicting court.

Sure, there are some facts disclosed by the trial record. But, it is those exact proceedings that Applicant has raised as being Consitutinally infrim. Meaning, whatever was said on the record and in open court is NOT inline with the previously unknown, and confidential, communications between Applicant and trial counsel. Thus, the trial record does not **resolve** the disputed facts -- it only makes the facts **disputed**. It is the convicting court's duty to gather additonal facts to resolve the disputed facts.<u>Townsend</u>, 83 S.Ct. at 757.

CONCLUSION

And, that is just what this Court has already had to Order the convicting court to do -- gather additional facts. Yet, trial counsel's "answer" is not sufficient additonal facts to resolve the controverted, previously unresolved facts material to the legailty of Applicant's confinement. Thus, the writ record does not support the Findings made by the convicting court. This Court should reject the Findings of Fact and Conclusions of Law, and rather than deny relief, ORDER the conviciting court to gather additional facts to resolve the disputed facts (ex. was the complainant present at court and available to testify on June 15, 2012). The failure to do so is a denial of DUE PROCESS (for which the federal courts may resolve).

PRAYER

Thus, Applicant, Jeremy Crespin, asks for this Court's LEAVE to suggest that this Court, on its own intiative, RECONSIDER

the denial of relief, based upon the convicting court's Findings of Fact and Conclusions of Law WITHOUT A HEARING, in both Writ No(s). WR-82,141-03 and WR-82,141-04; AND, ANY AND ALL OTHER RELIEF THIS COURT FINDS PROPER IN THE INTEREST OF JUSTICE.

Respectfully Submitted,

x _Jeremy Crespin_
Jeremy Crespin
TDCJ No. 1807429
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX 76597

APPLICANT PRO SE

## VERIFICATION / CERTIFICATE OF SERVICE

I, Jeremy Crespin, TDCJ Id No. 1807429, being presently incarcerated in the Hughes Unit of TDCJ-CID, in Coryell County, Texas, do declare under the penalty of perjury that the facts inthis motion for leave are true and correct and that I have caused a copy of this motion to be served on the Dallas County District Attorney on the date executed below by placing it into the prisonmail system to mailed 1st class USPS.

EXECUTED on this the 28 day of February , 2015.

x _Jeremy Crespin_
Jeremy Crespin
Applicant PRO SE